# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-10-84-RAW |
| | ) |
| MARVIN LORNELL VEALY and | ) |
| GERALD WAYNE GREEN, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the motion of defendant Green for severance. Defendant Green is charged in the second superseding indictment (#90) together with his co-defendant Vealy in count 1, drug conspiracy. Defendant Green alone is charged in counts 2-5, distribution of cocaine base. The movant seeks to sever the trial of count 1 from trial of the other counts.

Two counts may be joined if the two offenses "are of the same or similar character." *United States v. Gonzales,* 535 F.3d 1174, 1183 (10th Cir.2008)(citing Rule 8(a) F.R.Cr.P.). The district court may, however, sever the counts if the defendant will be prejudiced by their joinder. *Id. (*citing Rule 14(a) F.R.Cr.P.).

Defendant Green argues for severance based upon (a) possibility of jury confusion, (b) counts 2-5 are stronger than count one and will bolster count one, and © defendant Green wishes to testify as to count 1 and not testify as to counts 2-5. The court finds the first two arguments may be rejected as unpersuasive.

As to the third argument, a defendant who wishes to remain silent on some counts and testify on other counts is not entitled to a severance under Rule 14 F.R.Cr.P. without a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. *United States v. Utley,* 62 Fed.Appx. 833, 836 (10th Cir.2003).

In making such a showing, the defendant must present enough information – regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other – to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying. *Id.*

Defendant Green testified at the motion hearing outside the presence of the prosecutor, defense counsel and defendant Vealy. The court is not persuaded that his proposed testimony as to count 1 and his reasons for remaining silent as to counts 2-5 are sufficient to grant severance. The court cannot detail its reasons without revealing the nature of the *ex parte* testimony, but simply finds it to be of insufficient strength. The proposed testimony as to count 1 and the stated need to not testify in the remaining counts could essentially be adduced by any defendant facing multiple counts.

His motion for severance having been denied at the hearing, defendant Green orally moved for a bill of particulars as to count 1. A district court generally does not abuse its

2

discretion in denying a bill of particulars where defendant has received full discovery and showed no prejudice. *See United States v. Sturmoski,* 971 F.2d 452, 460 (10th Cir.1992). Such is the situation here.

It is the order of the court that the motion of the defendant Green for severance (#116) and oral motion for bill of particulars are hereby DENIED.

**ORDERED THIS 26th DAY OF APRIL, 2011.**


**Dated this 26th day of April, 2011.**

  
  

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma